

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

27

Honorable Jesse James
State Treasurer
Austin, Texas

6-4535

Dear Mr. James:          Opinion No. 0-7410

Re:  Should the abstracts held to
property which secured vendor's and
deed of trust notes held as security
be released to the holders of said
property before the notes are paid?

We have given careful consideration to your letter,
which reads as follows:

"Under the supervision of the State of Texas Board
of Insurance Commissioners, we hold as custodian the
following securities for the account of the U. S. Trust
& Guaranty Company, Waco, Texas, said Company formerly
being the Southern Guaranty Company, Ltd., Waco, Texas:

"Campbell Builders Corporation                    $  72,000.00
Mortgage loan on 77 lots of the Moore
   & Doty Addition, Eldorado, Texas                  5,775.00
Mortgage loan on Lot 4, Block 46, in
   Menard, Texas                                     3,350.00
25 Notes, in the amount of $475.00 each             11,875.00
H. W. Hoffman Real Estate Loan                      30,950.00
Archie B. Shoemake Real Estate Loan                 10,000.00
W. T. Vogle & Wife Real Estate Loan                  5,400.00
                                                  $139,350.00

"It is the desire of this Company to withdraw the ab-
stracts pertaining to the above listed securities, and we en-
close herewith copy of our letter of authority from the State
Board of Insurance Commissioners wherein the Board authorizes
this release.

"In connection with your Opinion No. 0-4535, we kind-
ly ask you to please advise this Department if this release is
permissible."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We have examined our Opinion No. O-4535, which we gave you on April 24, 1942. In your opinion request in 1942 you asked whether it was necessary for you to have an assignment of the lien securing the notes deposited with the Board of Insurance Commissioners, to be held by the State Treasurer, under the provisions of Article 4982 of the Revised Civil Statutes, and whether these assignments should be made to the State Treasurer or to the Board of Insurance Commissioners, and whether they should be placed on record in the county where the property is located.

In reply to that inquiry we used the following language:

"In addition to having the notes transferred to you, before the notes are accepted an abstract should be furnished showing that the notes are a first lien on the land. You should then hold the abstract, together with the transfer of the notes in your possession, after having first filed the transfer for record in the county where the land is located. The expense incident to recording the transfer of the notes should be borne by the depositor. Before you are authorized to accept any securities for deposit the same must be approved by the Board of Insurance Commissioners. It is the duty of said Board to appraise the securities and pass upon the question as to whether the real estate securing the notes is worth at least double the amount of the notes. It is also the duty of said Board to have the title examined and determine that the notes are a first lien on the land. All of this expense is to be borne by the depositor."

If the security had to be sold in order to collect the notes that are on deposit, it would be helpful if the department had an abstract, but it is not imperative, and the purchaser could buy the land without being furnished an abstract. The question of having the abstract left with the note is a matter lodged largely in the discretion of the Board of Insurance Commissioners, whose duty and responsibility it is to determine whether the security offered is sufficient. In passing upon this question, the value of the security without an abstract, and the value of the security with an abstract should be taken into consideration by said Board.

It is our opinion that before you receive any notes to be held as security, you should have a transfer of said notes, as stated in our Opinion No. O-4535, transferring same to the State Treasurer of Texas, and have same duly recorded in the county where the land is located. In addition thereto the Board of Insurance Commissioners should require an opinion of an attorney at law, certifying to the fact that in his opinion the title is clear and free of all liens, except the one which is being transferred to the State of Texas.

If, in the opinion of the Board of Insurance Commissioners, the security is sufficient without retaining the abstracts, then it will not be necessary for the abstract to be left with the Board of Insurance Commissioners or filed in your department.

In your letter relative to the loans in question, you have furnished us a copy of the letter from Honorable George B. Butler, Chairman of the Board of Insurance Commissioners, that it will be satisfactory for you to release the abstracts involved in this inquiry. Since the Board of Insurance Commissioners thinks the security is sufficient without the abstracts, you are authorized to release same.

Insofar as this opinion is in conflict with our Opinion No. O-4535, same is overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Geo. W. Barcus
ASSISTANT

GWB-MR

Harris Toler



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN